**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS DE JESUS, | |
|       Petitioner, | Civil Action No. 14-6494 (CCC) |
| v. | **OPINION** |
| STEPHEN D'LLIO, et al., | |
|       Respondents. | |

**CECCHI, District Judge:**

Petitioner Luis De Jesus, confined at the New Jersey State Prison in Trenton, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction by the State of New Jersey for aggravated manslaughter, burglary, and other related offenses. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases to determine if the Petition should be dismissed because Petitioner is not entitled to relief. For the reasons stated below, the Court dismisses the Petition as time-barred, but will allow Petitioner to present arguments as to why he is entitled to equitable tolling.

**I.  BACKGROUND**

Petitioner was convicted and sentenced by the State of New Jersey for burglary, aggravated manslaughter, and other weapons charges on July 14, 2000 in a jury trial. (ECF No. 4 at 1, 3.) Petitioner appealed, and the conviction was affirmed on February 17, 2004. (*Id.* at 3.) Certification was denied by the New Jersey Supreme Court on June 4, 2004. (*Id.*)

Thereafter, on August 16, 2006, Petitioner filed for post-conviction relief ("PCR"). (*Id.* at 4.) PCR was denied on October 3, 2008. (*Id.*) Petitioner appealed the PCR denial, but does not

provide the exact date that the appeal was filed. (*Id.* at 7.) However, it appears that the appeal was filed sometime after July of 2011. (*See id.* at 34.) PCR denial was affirmed on January 14, 2014. (*Id.* at 8.) Although the Petition is silent as to whether Petitioner sought certification with the New Jersey Supreme Court on the PCR denial, it appears that certification was denied on July 18, 2014. *State v. DeJesus*, 218 N.J. 531 (2014).

## II.   LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (a habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

AEDPA requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As applied here, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

The one-year limitation is tolled while a valid state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). This tolling excludes the period for filing a petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."

*Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, the New Jersey Supreme Court denied review of Petitioner's conviction on June 4, 2004. ECF No. 4 at 3. Petitioner's judgment became final 90 days thereafter on September 2, 2004. Petitioner filed his PCR application on August 16, 2006, after his AEDPA limitations period had expired. ECF No. 4 at 4. Because Petitioner's limitations period expired before the filing of his PCR application, no statutory tolling applies to Petitioner's PCR review. Therefore, the Petition is statutorily out-of-time.

Petitioner argues for equitable tolling by blaming his PCR counsel for the lateness of his PCR appeal. (ECF No. 4 at 34-35.) The Court is unpersuaded. "[A]ttorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)); *see Valerio v. United States*, No. 15-1906, 2015 WL 4086577, at *3 (D.N.J. July

6, 2015). The Third Circuit has held that the ability of a petitioner to file a *pro se* appeal, notwithstanding his attorney's failure to file, is ground for denying equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003) (finding that equitable tolling was not warranted because the petitioner could have filed a *pro se* notice of appeal in state court to toll his federal habeas statute of limitations). Petitioner's PCR application was denied by the trial court on October 3, 2008, and he did not file his appeal until sometime after July of 2011. ECF No. 4 at 4, 34. Even if counsel failed to timely file, Petitioner does not otherwise account for the delay, such as why he did not file a PCR appeal *pro se*.

Further, federal habeas petitions are governed by the federal habeas statute. To the extent Petitioner may argue that New Jersey's five-year statute of limitations on PCR applications should be taken into account by this Court, "on federal habeas review, this Court is governed by federal rules, case law, and statutes regarding the timeliness of federal habeas petitions." *Lee v. Hastings*, No. 13-2190, 2015 WL 5177619, at *3 (D.N.J. Sept. 3, 2015). This Court and courts in this district have repeatedly held that § 2244(d)'s statute of limitations runs independently from New Jersey's five-year PCR statute of limitations. *Murphy v. Holmes*, No. 12-3188, 2015 WL 5177640, at * 2 (D.N.J. Sept. 4, 2015); *Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *3 (D.N.J. Mar. 25, 2015); *Anderson v. Goodwin*, No. 08-5183, 2010 WL 3812366, at * 7 (D.N.J. Sept. 22, 2010) ("[W]hile Anderson's state PCR petition may not have been untimely under state law, it certainly was untimely under the federal statute of limitations for habeas actions."). Here, the one-year limitations period to file a federal habeas expired before Petitioner filed his PCR application in the first instance. As such, the Petition is dismissed as time-barred.

In the interest of justice, Petitioner may, within 30 days of the date of entry of the accompanying Order, present arguments, supported by evidence, as to why Petitioner is entitled

to equitable tolling. Petitioner may also raise any other argument regarding the timeliness of the Petition as appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Petition is DISMISSED without prejudice as time-barred. Petitioner may, within 30 days of the date of entry of the accompanying Order, present arguments, supported by evidence, why Petitioner is entitled to equitable tolling.

Claire C. Cecchi, U.S.D.J.

Dated: Feby 7, 2017